UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jackie Logan, | ) | C/A No. 6:10-2656-HFF-KFM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| Blue Ridge Living Center, and | ) | |
| Laurel Baye Health Care, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed *pro se.* Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. (ECF No. 2). The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. Pursuant to 28 U.S.C. § 636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, a *pro se* litigant, seeks damages from Defendants, two private nursing care providers in the Greenville, South Carolina area, for alleged "discrimination" in their hiring practices. Plaintiff alleges that she went through the hiring processes at both Defendants' places of business and that she was offered a job making $ 11.00/hour at both businesses. She alleges further that neither Defendant ever followed up with her to formally complete the hiring process. She claims "discrimination" apparently because she was told by Defendant Laurel Baye that its refusal to hire her was because of her "criminal record," which Plaintiff alleges is older than ten years. Plaintiff asks for "one million dollars" in damages. Compl. 5 (ECF No. 1).

The plaintiff is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction.

In order for this Court to hear and decide a case, the Court must first have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," and (2) "diversity of citizenship." 28 U.S.C. §§ 1331, 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on

one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).

This Court has no diversity jurisdiction over this case because, according to the information provided by Plaintiff on her proposed summons when she filed her Complaint, Plaintiff and both Defendants are residents of South Carolina. Even though both Defendants appear to be corporate or business entities and not human beings, they are still "residents" of South Carolina as that term is legally understood. *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F. Supp. 667, 669 (D.S.C. 1964).

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint involves what may generally be termed an employment contract dispute. Generally, such contractual disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See, e. g.*, *Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E. 2d 773 (S.C. 2010)(breach of employment contract claim brought in state court). Thus, in absence of diversity jurisdiction, to the extent that Plaintiff's Complaint could be liberally construed as stating a breach of employment contract claim against fellow South Carolina residents, it fails to state a viable claim within this Court's federal question jurisdiction. Additionally, Plaintiff's allegations make no specific reference to a violation of any federal statute or constitutional provision by Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. Absence of such allegations from the pleading further supports a holding that federal subject matter jurisdiction is not established by this Complaint.

Even if Plaintiff had made specific assertions that her federal rights were violated in connection with her dealings with the Defendants, however, this Court would not be bound by such allegations and would be entitled to disregard them if the surrounding facts did not support Plaintiff's contentions. For example, purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, one of the most common federal statutory provisions under which persons come into federal court to claim that others have violated their constitutional rights or "discriminated" against them in the employment arena or otherwise. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Thus, even if Plaintiff had alleged in her Complaint that she was entitled to damages under § 1983 for Defendants' violations of United States Constitution, such allegations would not establish federal question jurisdiction over this case because there are no additional allegations of "state action" in connection with the refusals of employment of which Plaintiff complains. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (stating that in order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law). There are no allegations in Plaintiff's Complaint that attribute any of Defendants' actions to state action; therefore, even if the Complaint could be liberally construed to "imply" an allegation of § 1983 liability for constitutional rights violations by the private Defendants, such implied interpretation would not establish federal question jurisdiction in this case.

Furthermore, to the extent that the Complaint could be liberally construed as potentially stating claims pursuant to 42 U.S.C. § 1981 and/or 42 U.S.C. § 2000e for employment discrimination by private entities, Plaintiff's allegations are not sufficient to

4

establish subject matter jurisdiction. In order to state a viable claim of employment discrimination under either of those statutes, a plaintiff must allege, among other things, facts supporting a finding that the discrimination was based on his or her race, gender, age, or disability. *See Monroe v. Burlington Indus., Inc.*, 784 F. 2d 568, 571 (4th Cir. 1986). Here, Plaintiff alleges only that she thinks she might not have been hired because of an old criminal record. She does not even assert, much less allege facts showing, that her race, her age, her gender, or that any physical or mental disability she might have played a part in Defendants' failure to hire her. As a result, no viable claims are stated under § 1981 or § 2000e. No other potential causes of action under federal question jurisdiction are evident from the face of the Complaint. In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for either Defendant.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

Plaintiff's attention is directed to the important notice on the next page.


November 3, 2010                                        s/Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**300 E. Washington Street, Rm. 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).